IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

RON VIGDOR                                                                         CASE NO. 20-12751-MAM
                                                                                                CHAPTER 13

             Debtor.
_____/

**EX PARTE MOTION FOR ORDER**
**CONFIRMING THE AUTOMATIC STAY IS NOT IN EFFECT**

Toyota Motor Credit Corporation as servicer for Toyota Lease Trust ("Movant"), pursuant to 11 U.S.C. §362(j) and Local Rule 4001-1(C)(2)(b), seeks an order confirming the automatic stay is not in effect as to Movant and states:

1.    On December 15, 2017, the Debtor entered into a Motor Vehicle Lease Agreement ("Contract") for the following vehicle: 2017 Lexus IS200; VIN: JTHBA1D24H5048525 (the "Vehicle"). A true and correct copy of the Contract is attached hereto as Composite Exhibit "A."

2.    As indicated on the title, Movant is the leaseholder on the Vehicle. A copy of the Title is attached hereto as Composite Exhibit "A."

3.    In the Third Amended Chapter 13 Plan (Doc. No. 43), the Debtor treated Movant directly outside of the Plan, assumed the underlying lease and noted that the automatic stay would be terminated upon confirmation of the Plan.

4.    The lease matured on December 15, 2020 and the Debtor returned the Vehicle to Movant on or about December 29, 2020.

5.    The Third Amended Plan was confirmed on September 24, 2020 (Doc. No. 48).

6.    Local Rule 4001-1(C)(2)(b) states:

**(b)**    **Post-Confirmation** (Ex Parte). After confirmation of a chapter 13 plan, a creditor may file a motion (serving all interested parties) seeking an order confirming that the

automatic stay is not in effect. Movant may file such motion on an ex parte basis, and the court may enter an order granting the motion without a hearing.

7. 11 U.S.C. §362(j) states:

**(j) On request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated.**

8. Movant therefore seeks an order confirming the automatic stay is not in effect as to Movant's interest in the Vehicle, pursuant to 11 U.S.C. §362(j).

**WHEREFORE**, Movant, respectfully requests the Court enter an order confirming the termination of the automatic stay as to Movant and for such other and further relief as the Court deems appropriate.

>  /s/Gavin N. Stewart
> Gavin N. Stewart, Esquire
> Florida Bar Number 52899
> P.O. Box 5703
> Clearwater, FL 33758
> P: (727) 565-2653
> F: (727) 213-9022
> E:bk@stewartlegalgroup.com
> Counsel for Movant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF notice and first class mail this 23rd day of February 2021.

>  /s/Gavin N. Stewart
> Gavin N. Stewart, Esquire

**VIA FIRST CLASS MAIL**
Ron Vigdor
5204 Lane Parke Court
Mountain Brook, AL 35223

**VIA CM/ECF NOTICE**
Mitchell J. Nowack, Esq.
Christian J. Olson, Esq.
8551 Sunrise Blvd.

Suite 208
Plantation, FL 33322

Robin R. Weiner
POB 559007
Fort Lauderdale, FL 33355

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130